UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERARDO RODARTE,<br><br>       Plaintiff,<br> v.<br><br>SKAGIT COUNTY and JOSEPH GUTIERREZ,<br><br>       Defendants. | No. 2:20-cv-885-BJR<br><br>ORDER ON DEFENDANT GUTIERREZ'S MOTION FOR RECONSIDERATION AND MOTION TO STAY TRIAL PROCEEDINGS |

This matter is before the Court on two motions: (1) Defendant Joseph Gutierrez's motion for reconsideration of the Court's order denying his motion for summary judgment on Plaintiff's fabrication of evidence claims (Dkt. No. 44); and (2) Defendant Gutierrez's motion to stay trial proceedings (Dkt. No. 48).

Having reviewed the materials submitted by the parties on the pending motions and the balance of the record in this case, the Court: (1) DENIES Defendant Gutierrez's motion for reconsideration; and (2) GRANTS Defendant Gutierrez's motion to stay trial proceedings. The reasons for the Court's decisions are set forth below.

## I.  Background

On June 7, 2017, Skagit County law enforcement officers responded to an alleged domestic violence incident at Plaintiff Gerardo Rodarte's home. Digna Guadalupe Rodarte-Hernandez, who is Plaintiff's niece, alleged that Plaintiff had assaulted her, while Plaintiff

ORDER - 1

claimed that Digna had assaulted him.[1]  Defendant Joseph Gutierrez, a deputy of the Skagit County Sheriff's Office, was one of the responding officers.

Defendant Gutierrez arrested Plaintiff, who was subsequently charged by the Skagit County Prosecuting Attorney's Office with domestic violence assault and interfering with the reporting of a domestic violence crime.  Plaintiff went to trial in January 2019 and was acquitted.

Plaintiff filed this complaint on June 8, 2020, bringing claims for civil rights violations under 42 U.S.C. §1983 ("Section 1983") against Defendant Gutierrez and Skagit County.  Plaintiff alleged that Defendants, acting in concert with one another: (1) denied or conspired to deny Plaintiff medical care in violation of his rights under the Eighth Amendment and Fourteenth Amendment; and (2) falsified or conspired to falsify evidence against Plaintiff in violation of his due process rights under the Fifth Amendment and Fourteenth Amendment.

On October 26, 2021, the Court issued an order on dispositive motions filed by Defendant Gutierrez and by Defendant Skagit County.  The Court granted in part and denied in part Defendant Gutierrez's motion for summary judgment.  The Court granted summary judgment in favor of Defendant Gutierrez on Plaintiff's claims of denial of medical treatment and conspiracy, but denied summary judgment on Plaintiff's claims that Defendant Gutierrez falsified evidence against Plaintiff.  The Court also granted Defendant Skagit County's motion for judgment on the pleadings, finding that Plaintiff had failed to allege that any policies, procedures, or customs of the County caused a violation of Plaintiff's civil rights.

On November 3, 2021, Defendant Gutierrez filed a motion for reconsideration of the Court's denial of his motion for summary judgment on Plaintiff's fabrication of evidence claims.

---

[1] For ease of reference, the Court refers to Ms. Rodarte-Hernandez as "Digna" in this Order, and will refer to other persons (aside from the parties) by their first names as well.  The Court intends no disrespect by its use of first names.

ORDER - 2

Consistent with the Local Civil Rules and the Court's Standing Order for All Civil Cases, the Court requested a response from Plaintiff on the motion for reconsideration and authorized Defendant Gutierrez to file a reply in support of his motion for reconsideration.

On November 24, 2021, Defendant Gutierrez also filed: (1) a motion to stay trial proceedings; and (2) a notice of appeal to the Ninth Circuit of the Court's denial of his motion for summary judgment on Plaintiff's fabrication of evidence claims.

On December 1, 2021, the Ninth Circuit issued an order stating that Defendant Gutierrez's notice of appeal was ineffective until this Court entered an order on his pending motion for reconsideration. The Ninth Circuit's order provided that within seven days of this Court's ruling on the motion for reconsideration, Defendant must notify the Ninth Circuit in writing of the ruling and advise the Ninth Circuit whether Defendant intends to prosecute his appeal.

## II.     Discussion

**A.     Motion for Reconsideration**

    **1.  Legal Standard**

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."

    **2.  Defendant Gutierrez's Motion to Strike and Request for Monetary Sanctions**

As a preliminary matter, Defendant Gutierrez has moved to strike the entirety of Plaintiff's response to the motion for reconsideration, including Plaintiff's response brief as well

ORDER - 3

as the five declarations that Plaintiff offered in support of his response.  Defendant also requests that the Court impose monetary sanctions for civil contempt against Plaintiff.

Defendant argues that Plaintiff's response should be stricken for failure to address the qualified immunity issues raised in Defendant's motion for reconsideration, noting that "Plaintiff fails to cite any case authority whatsoever discussing application of Qualified Immunity to the Fabrication of Evidence claim."  Dkt. No. 61 at 3.  However, Defendant's motion for reconsideration was not solely limited to legal arguments regarding qualified immunity.  Defendant's motion also offered new evidence (i.e., excerpts from three depositions, which are discussed in Section B.3 below) that Defendant asked the Court to consider.  Plaintiff's response includes arguments and evidence that are responsive to the new evidence offered by Defendant.  As a result, the Court denies Defendant's request to strike Plaintiff's response in its entirety.

The Court further notes that its decision on Defendant's motion for reconsideration does not rely on evidence or arguments that Plaintiff has offered in his response.  As such, the motion to strike may be considered moot.  Nonetheless, the Court notes in particular that it has not relied upon and will strike arguments and evidence that Plaintiff offers in his response regarding Defendant Gutierrez's alleged propensity to fabricate evidence based on his conduct in other matters, including Section IV of Plaintiff's response brief (Dkt. No. 54 at 6-7) and Exhibits B-D to the declaration of Plaintiff's counsel (Dkt. No. 55, Exs. B-D).

Defendant also requests monetary sanctions against Plaintiff and Plaintiff's counsel.  Defendant argues that civil contempt sanctions are warranted because Plaintiff and his counsel willfully disobeyed the Court's Minute Order (Dkt. No. 52) which requested that Plaintiff file a response to Defendant's motion for reconsideration.  The Court denies Defendant's request for monetary sanctions.  As noted above, Plaintiff's response includes evidence and arguments that

are responsive to the new evidence that Defendant offered in support of his motion for reconsideration. To the extent that Plaintiff's response offers evidence and arguments that are not responsive to Defendant's motion, the Court finds that civil contempt sanctions are not warranted.

### 3. New Evidence Offered by Defendant Gutierrez

In support of his motion for reconsideration, Defendant Gutierrez has offered evidence that was not previously submitted to the Court. The new evidence consists of excerpts from three depositions that were conducted on September 22, 2021, after the parties had completed their briefing on Defendant Gutierrez's motion for summary judgment but before the Court ruled on the motion.

The deposition transcripts include testimony from Irma Leticia Garcia Villegas and Marcial Rodarte Franco, a married couple. Irma testified that on June 7, 2017, she received a call from Digna's mother in Mexico, who told her that Digna had been beaten up by Plaintiff and asked Irma to pick Digna up at Plaintiff's home. Irma and Marcial picked up Digna at Plaintiff's home that evening.[2] Irma testified at her deposition that Digna had been beaten up and had red marks on her neck that looked like someone had tried to strangle her. Marcial offered similar testimony at his deposition, including that he observed marks on Digna's neck. He also testified that he saw Plaintiff when the couple picked up Digna, and based on observations believed that Plaintiff had been drinking.

---

[2] Irma and Marcial testified that they picked up Digna before Marcial had to report to work that evening; Irma recalled that Marcial had to be at work at 6:00 pm, while Marcial said his shift started at 7:00 pm. *See* Dkt. No. 45, Ex. 1 at 11, Ex. 2 at 17. The police report offered by Defendant Gutierrez indicates that Digna reported that the alleged assault happened at some point between 6:00 pm and 7:00 pm and that Defendant Gutierrez responded to a call regarding the alleged assault shortly before 9:00 pm on June 7, 2017. Dkt. No. 18, Ex. 2.

ORDER - 5

Defendant Gutierrez has also offered excerpts from the deposition of Yadira Rodarte Valdez. Yadira testified at her deposition that she received a call from Irma on June 7, 2017, who said that Digna had been beaten by Plaintiff. Yadira testified that she came to Irma's house, and saw that Digna had bruising and red marks on her neck.

The Court finds that this new evidence does not entitle Defendant Gutierrez to summary judgment on Plaintiff's fabrication of evidence claims. On summary judgment, the Court "must not weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue for trial." *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997). The new evidence supports Defendant Gutierrez's argument that Digna had marks on her neck when she left Plaintiff's house (either around 6:00 pm or 7:00 pm on June 7, 2017) after the alleged assault. However, as the Court noted in its prior Order, Plaintiff offered a declaration in response to Defendant Gutierrez's summary judgment motion that stated: "When my niece left my house earlier that day, she did not have any marks on her neck." Dkt. No. 37 at 2. As a result, the new evidence offered by Defendant Gutierrez conflicts with evidence previously offered by Plaintiff.

The Ninth Circuit has held that "if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). As a result, the Court must assume the truth of Plaintiff's declaration, and cannot dismiss Plaintiff's declaration to the extent it conflicts with the new evidence offered by Defendant Gutierrez. Otherwise, the Court would usurp the jury's function of weighing the evidence and determining the credibility of witnesses.

ORDER - 6

Defendant Gutierrez also argues that Plaintiff's declaration constitutes a mere "scintilla of evidence" and fails to offer specific facts to defeat summary judgment on the fabrication of evidence claims. However, viewing the evidence in the light most favorable to Plaintiff as the non-moving party, the Court finds that Plaintiff's declaration (Dkt. No. 37) is sufficient to create a genuine issue of material fact on the question of whether Defendant Gutierrez assisted Digna in fabricating evidence against Plaintiff. To be sure, as the Court noted in its prior order, Plaintiff did not assert in his declaration that he witnessed Defendant Gutierrez create marks on Digna's neck. Nonetheless, Plaintiff asserted that Digna did not have marks on her neck when she left his house, and that after his arrest he observed Defendant Gutierrez meet with his niece and "heard Mr. Gutierrez state to my niece that they needed to change their story because it did not fit with the evidence, and that they had to fix it so it looked real." Dkt. No. 37 at 2. Taking Plaintiff's declaration as true, as the Court must for the purposes of summary judgment, there remains a disputed question of fact on whether Defendant Gutierrez assisted Plaintiff's niece in fabricating evidence against Plaintiff.

**4. Qualified Immunity**

Defendant Gutierrez also argues that the Court failed in its Order to analyze whether he is entitled under the facts of this case to qualified immunity on Plaintiff's fabrication of evidence claims. However, the Court noted in its Order (albeit in the context of discussing Plaintiff's denial of medical treatment claims) that "[i]n evaluating whether an officer is entitled to qualified immunity, courts consider (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether that right was clearly established at the time of the incident." Dkt. No. 43 at 5 (citing *Martinez v. City of Clovis*, 943 F.3d 1260, 1270 (9th Cir. 2019)). The Court later noted, in the context of discussing Plaintiff's fabrication of evidence

ORDER - 7

claims, that "[t]here is a clearly established right not to be subjected to criminal charges based on false evidence that was deliberately fabricated by the government." Dkt. No. 43 at 11 (citing *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1112 (9th Cir. 2018)).  The Court also concluded that "[t]here are genuine issues of material fact on the questions of whether Defendant Gutierrez fabricated evidence against Plaintiff and whether the alleged fabrication caused injury to Plaintiff." Dkt. No. 43 at 14.

Nonetheless, to the extent the Court's prior Order was not clear on this point, the Court clarifies that it finds that Defendant Gutierrez is not entitled to qualified immunity on Plaintiff's fabrication of evidence claims.  The Ninth Circuit has recognized since at least 2001 that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001).  Indeed, the Ninth Circuit noted in *Devereaux* that this "proposition is virtually self-evident." *Id.* at 1075.

Furthermore, viewing the evidence in the light most favorable to Plaintiff, there are genuine issues of material fact on the questions of whether Defendant Gutierrez violated this clearly established constitutional right by causing Plaintiff to be subjected to criminal charges by allegedly:  (1) falsifying statements from Plaintiff's wife about the alleged assault; and (2) assisting Plaintiff's niece in fabricating evidence to support her assault allegations.[3]  In his response to Defendant Gutierrez's motion for summary judgment, Plaintiff offered direct

---

[3] Defendant Gutierrez's reliance on *Suzuki v. County of Contra Costa*, 820 Fed. Appx. 577 (9th Cir. 2020), is misplaced.  *Suzuki* is an unpublished decision, and as a result is not precedential.  In addition, the facts in *Suzuki* are not analogous to those presented here.  Defendant Gutierrez also argues that the Court "impermissibly leaps to the conclusion without supporting evidence that the prosecutor read the police report and based the charging decision on the report." Dkt. No. 44 at 9.  However, on a motion for summary judgment it can reasonably be inferred that a prosecutor would review a police report before filing charges, and Defendant Gutierrez has not offered a declaration from the prosecuting attorney indicating that she did not review his police report before filing charges against Plaintiff.

ORDER - 8

evidence in sworn declarations from himself and his wife to support these allegations, and no reasonable police officer could have believed that it was constitutionally acceptable to fabricate evidence in the manner asserted in these declarations.

As a result, the Court is not persuaded on reconsideration that Defendant Gutierrez is entitled to qualified immunity on Plaintiff's fabrication of evidence claims. *See, e.g.*, *Bonivert v. City of Clarkston*, 883 F.3d 865, 871-72 (9th Cir. 2018) ("[G]overnment officials are not entitled to qualified immunity if (1) the facts '[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendants'] conduct violated a constitutional right' and (2) 'the right was clearly established' at the time of the alleged violation.") (internal citations omitted).

### 5. Plaintiff's Untimely Request for Reconsideration

Finally, the Court notes that Plaintiff's response to Defendant's motion for reconsideration also includes a request for the Court to reverse its dismissal of Plaintiff's conspiracy claim. Dkt. No. 54 at 10. Plaintiff's request is effectively a motion for reconsideration of the Court's October 26, 2021 decision to grant Defendant Gutierrez's motion for summary judgment on Plaintiff's conspiracy claims. As Defendant correctly notes, Plaintiff had fourteen days from the date of the Court's decision to seek reconsideration of this ruling pursuant to Local Civil Rule 7(h). However, Plaintiff did not make his request for reconsideration of the ruling until December 23, 2021. Therefore, the Court denies Plaintiff's untimely request for the Court to reverse its dismissal of his conspiracy claims.

**B.    Motion to Stay Trial Proceedings**

Defendant Gutierrez has also filed a motion to stay trial proceedings pending his interlocutory appeal of the Court's denial of his motion for summary judgment on Plaintiff's fabrication of evidence claims. Defendant Gutierrez seeks to appeal the Court's denial of his

ORDER - 9

claim of qualified immunity on the fabrication of evidence claims. As noted above, Defendant Gutierrez filed a notice of appeal on November 24, 2021; however, the Ninth Circuit has indicated that the notice of appeal is ineffective while Defendant Gutierrez's motion for reconsideration is pending in this Court.

Plaintiff opposes the motion to stay. Plaintiff argues that a party seeking a stay pending an interlocutory appeal must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in his favor, and that a stay is in the public interest. Dkt. No. 51 at 5. However, the cases Plaintiff cites for this proposition are not applicable to determining whether proceedings in a trial court should be stayed pending an interlocutory appeal of the denial of a qualified immunity claim.

The Supreme Court has held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The Ninth Circuit has noted that:

> Where the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal. *See Lee v. Gregory*, 363 F.3d 931, 932 (9th Cir. 2004). However, we may adjudicate "legal" interlocutory appeals; that is, we may properly review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law.

*Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017).

Plaintiff argues that Defendant's appeal is based on factual rather than legal disputes. However, Defendant indicates in his motion to stay that he "appeals the denial of Summary Judgment that his conduct did not violate a constitutional right, and that no violation of the right(s) asserted by the Plaintiff was clearly established at the time Plaintiff was arrested and

ORDER - 10

prosecuted for Domestic Violence." Dkt. No. 48 at 3. As a result, it appears that Defendant intends to pursue legal questions in his appeal.

Under Ninth Circuit law, this Court is "automatically divested of jurisdiction to proceed with trial pending appeal" when a Section 1983 defendant appeals the denial of qualified immunity, unless the trial court certifies in writing that the defendant's claim of qualified immunity is frivolous or has been waived. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). Plaintiff has not argued that Defendant has waived his claim of qualified immunity, nor does the Court find on the record before it that Defendant's appeal of the denial of qualified immunity would be frivolous.

Therefore, the Court grants Defendant Gutierrez's motion to stay trial proceedings in this matter pending the resolution of his appeal to the Ninth Circuit of the denial of his claim of qualified immunity on Plaintiff's fabrication of evidence claims. The trial date of February 7, 2022, and all remaining pre-trial deadlines are stricken.

### III. Conclusion

For the foregoing reasons, the Court: (1) DENIES Defendant Gutierrez's motion for reconsideration (Dkt. No. 44); and (2) GRANTS Defendant Gutierrez's motion to stay trial proceedings (Dkt. No. 48). The Court ORDERS that this matter is STAYED pending the resolution of Defendant Gutierrez's appeal to the Ninth Circuit of the denial of his claim of qualified immunity on Plaintiff's fabrication of evidence claims.

Dated: December 30, 2021

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 11